**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

DAVID ANTHONY BABB, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-2092-RWS
KEVIN ANDREW BABB, as Co- :
Trustee of the B.R.B. Trust and :
General Manager of the B.R.B. :
L.L.L.P., *et al.*, :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Defendant Rae Chelle Babb-Bennett's Motion to Dismiss [2] and Defendant Kevin Andrew Babb's Motion to Dismiss [10]. After a review of record, the Court enters the following Order.

**I. Factual Background[1]**

On December 29, 1998, Billy Ray Babb executed a Last Will and Testament, along with documents establishing the Billy Ray Babb Family Trust (the "Trust") and B.R. Babb, LLP (the "Partnership"). Billy Ray Babb subsequently died and Defendants Kevin Babb and Rae Bennett, the children of

---

[1] These facts are drawn from the Complaint and the attached Exhibits.

Billy Ray Babb and co-executors under his will, filed a Petition for Discharge in the DeKalb County Probate Court on June 9, 2006 after fully administering the estate.

Plaintiff, who is the son of Billy Ray Babb and the brother of Defendants Kevin Babb and Rae Bennett, objected to the Petition for Discharge and filed a "Complaint by Counterclaim" that alleged, among other things, that Kevin Babb and Rae Bennett had procured the execution of Billy Ray Babb's 1998 Will and the documents creating the Trust and Partnership through fraud, that Defendants had fraudulently obtained Plaintiff's consent to probate the Will of Vernelle Babb, that Defendants violated their fiduciary duties to him, and that Plaintiff was entitled to damages for interference with his expectation of inheritance.

Plaintiff's Complaint by Counterclaim, along with his objections to the Petition for Discharge, were dismissed by the Probate Court with prejudice on June 11, 2007 as a sanction for Plaintiff's failure to comply with his discovery obligations.

On June 12, 2007, Plaintiff filed a Complaint in DeKalb County Superior Court that was nearly identical to the Complaint by Counterclaim that had been

2

dismissed by the Probate Court. On July 11, 2007, the Superior Court dismissed Plaintiff's Complaint on the grounds of *res judicata* and collateral estoppel, as the claims asserted therein had already been adjudicated on the merits by the dismissal with prejudice entered in the Probate Court. Plaintiff appealed the July 11, 2007 dismissal to the Georgia Court of Appeals, which denied the appeal on June 25, 2008. On July 18, 2008, Plaintiff filed a Petition for Certiorari to the Georgia Supreme Court which petition was denied on October 27, 2008.

## II. Motion to Dismiss

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action. " Thomas v. Pentagon Fed. Credit Union, 393 Fed. App'x 635, 637 (11th Cir. 2010).

4

### B. Plaintiff's Claims are Precluded.

In the present action, Plaintiff has asserted claims identical to those filed in the previous state court proceedings. Defendant asserts that Plaintiff's Complaint is barred by the doctrines of *res judicata* and collateral estoppel. "[T]he doctrine of *res judicata* provides repose by preventing the re-litigation of claims that have already been fully litigated and decided. *Res judicata*, or claim preclusion, bars a subsequent claim when a court of competent jurisdiction entered a final judgment on the merits of the same cause of action in a prior lawsuit between the same parties." Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1356 (11th Cir. 1998). "While *res judicata* bars the re-litigation of claims, collateral estoppel precludes the re-litigation of an issue that has already been litigated and resolved in a prior proceeding. To claim the benefit of collateral estoppel, the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue is actually litigated in the prior proceedings; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and (4) the party against whom collateral estoppel

5

is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding." Id. at 1359 (internal citations and quotations omitted).

Res judicata and collateral estoppel bar the present action. Plaintiff makes clear in his Opposition Brief that "this action is for damages for a breach of the fiduciary duties of the Defendants in the administration of an income trust and a limited liability partnership . . . [T]he only issue sought to be litigated in this action is whether the Defendants breached their fiduciary duties to the Plaintiff in the administration of an income trust and a limited liability partnership." However, that issue was previously litigated in the prior probate action. In her order dismissing Plaintiff's Counterclaim with prejudice, Judge Jeryl Debra Rosh stated that she was dismissing his Counterclaim for "breach of fiduciary duty" which was brought against the present Defendants. Probate Order, Dkt. No. [1-5] at 2; see Counterclaim Complaint, Dkt. No. [1-6] at 20-25.[2] In reviewing the specific Counterclaim allegations, it is evident that they went to

---

[2]The Court "may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to plaintiff's claim and (2) undisputed. In this context, 'undisputed' means that the authenticity of the document is not challenged." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). As Plaintiff does not challenge the authenticity of the state court pleadings, the Court will consider his attached exhibits without converting the motion to summary judgment.

6

the Defendants' handling of the trust and the limited liability partnership–the same claim that is presented here–and that issue was a "critical and necessary part of the judgment"–as it was the only claim which was resolved in that order. Probate Order, Dkt. No. [1-5] at 2-3. Also, after review of the Objections, the Complaint by Counterclaim, and the Superior Court Complaint's captions, it is evident that these issues and that claim were litigated between the same parties in the prior action.

However, Plaintiff argues that because he was *pro se* in the initial two actions, it cannot be said that he was given a full and fair opportunity to litigate his case. However, Georgia law does not allow courts to distinguish between *pro se* litigants and represented litigants in civil actions. Waits v. Gil, 501 S.E.2d 303, 305 (Ga. Ct. App. 1998) ("[I]n a civil case[,] the court cannot put a pro se litigant on a different standard from one represented by counsel.") (internal quotations omitted). Thus, Plaintiff's prior *pro se* status has no bearing on the Court's analysis here.

As well, Plaintiff argues that the probate court did not have jurisdiction over the fiduciary claims. However, as the Georgia Superior Court and the Georgia Court of Appeals held in the underlying suit, "[w]hile O.C.G.A . §

7

9-4-2 gives superior courts the power to issue declaratory judgments, O.C.G.A. § 15-9-127 gives certain courts, including the [DeKalb] County Probate Court, concurrent jurisdiction with superior courts with regard to the proceedings for declaratory judgments involving fiduciaries pursuant to OCGA § 9-4-4. Probate courts have exercised their declaratory judgment jurisdiction in several reported decisions." Cross v. Stokes, 572 S.E.2d 538, 542 (Ga. 2002). Because the probate court had concurrent jurisdiction to declare Plaintiff's counterclaim, Plaintiff's claim was decided by a court of competent jurisdiction. Therefore, Defendants Rae Chelle Babb-Bennett and Kevin Andrew Babb's Motions to Dismiss [2, 10] are **GRANTED**.

### III. Remaining Defendants

The Court notes, *sua sponte*, that the Billy Rae Babb Revocable Family Trust and the Billy Ray Babb Limited Liability Limited Partnership Defendants have not appeared in this action, and Plaintiff has not filed notices of service for them. As more than 120 days have passed since Plaintiff's Complaint was filed, Plaintiff is **ORDERED** to **SHOW CAUSE** why his complaint should not be dismissed for improper service by July 2, 2012. See FED. R. CIV. P. 4(m)

(allowing the Court to dismiss a matter without prejudice if plaintiff does not show good cause for his service failure).

**VI. Conclusion**

Based on the foregoing, the Individual Defendants' Motions to Dismiss [2, 10] are **GRANTED**. Because Plaintiff has not properly served the Institutional Defendants–the Trust and the Limited Liability Partnership–Plaintiff is **ORDERED** to **SHOW CAUSE** by July 2, 2012 why his Complaint should not be dismissed without prejudice against those Defendants for improper service.

**SO ORDERED**, this 18th day of June, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)

AO 72A
(Rev.8/82)